IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dameon Myers, ) | C/A No.: 1:13-1863-CMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

Petitioner Dameon Myers is a state prisoner incarcerated at Lieber Correctional Institution ("LCI") who has submitted this pro se petition for a writ of coram nobis. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Petitioner filed a petition for writ of error coram nobis, but failed to pay the filing fee or submit the financial documents necessary to proceed in forma pauperis. [Entry #1]. Therefore, the court issued an order on July 24, 2013, allowing Petitioner an opportunity to bring this case into proper form. [Entry #5]. Petitioner complied with the order on August 19, 2013, by submitting an application to proceed in district court without prepaying fees or costs (Form AO240) and a financial certificate. [Entry #8]. Petitioner also filed an amended petition. [Entry #9].

The amended petition, which is nearly identical to the original petition, seeks dismissal of state court convictions "for failure to state the proper jurisdiction and venue." [Entry #9 at 1]. The petition references criminal proceedings against Petitioner in the Georgetown County Court of General Sessions in 2002. *Id.* A review of Petitioner's state criminal history reflects the following information for the state cases cited in the caption of the petition: (1) conviction and three-year concurrent sentence on December 5, 2002, for failure to stop for a blue light (indictment number 2002GS22861); (2) conviction and twenty-year sentence on December 5, 2002, for manufacture or distribution of ice, crank, or crack cocaine (indictment number 2002GS22862A); (3) judicial dismissal of manufacture or distribution of ice, crank, or crack cocaine on October 10, 2002 (indictment number 2002GS22862B); (4) not guilty verdict for distribution crack cocaine near a school on December 5, 2002 (indictment number 2002GS22863); (5) conviction and one-year concurrent sentence on December 5, 2002, for possession of marijuana (indictment number 2002GS22864).[1] Petitioner seeks dismissal of his state charges, with prejudice, "under new discovery of information of fraud and failure of disclosure by the Court, the prosecution, and by the attorneys." [Entry #9 at 3]. Several pages of the petition are comprised of references to federal statutes, regulations, cases, legal dictionaries, and other authorities. [Entry #9 at 6–15].

---

[1] *See* Georgetown County Fifteenth Judicial Circuit Public Index, http://www.judicial.state.sc.us/caseSearch/ (last visited September 12, 2013). A court may take judicial notice of factual information located in postings on government

II.     Discussion

    A.     Standard of Review

Petitioner filed his petition pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the petition lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

---

websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding court may "properly take judicial notice of matters of public record").

3

the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

"The authority of a federal court to issue a writ of coram nobis derives from the All Writs Act, codified at 28 U.S.C. § 1651(a)." *Bereano v. United States*, 706 F.3d 568, 575 (4th Cir. 2013); *see also United States v. Morgan*, 346 U.S. 502, 506 (1954). While such relief remains viable in the context of criminal cases, the writ of coram nobis has been abolished in federal civil practice pursuant to Fed. R. Civ. P. 60(e). *See Bereano* 706 F.3d at 576 n.8. Moreover, a writ of coram nobis can only be granted by the court that imposed the judgment. *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *see also Morgan*, 346 U.S. at 506 n.4 (holding that writ of coram nobis "is a step in the criminal case"). In addition, it may only be issued where an error of the most fundamental character compels such action to achieve justice, and where no alternative remedy is available. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). In the instant action, coram nobis relief is not available to Petitioner because he was not sentenced by this court. Further, Petitioner fails to establish that he lacks an alternative remedy to test the legality of his detention. Therefore, the petition is subject to summary dismissal.

III. Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 12, 2013                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).